583 So.2d 1097 (1991)
Willie EDENFIELD, Sr., Appellant,
v.
MARTIN COUNTY, Florida, a Political Subdivision of the State of Florida, Appellee.
No. 90-0398.
District Court of Appeal of Florida, Fourth District.
July 31, 1991.
Rehearing, Rehearing and Clarification Denied; Certification Granted September 10, 1991.
*1098 W. Trent Steele, West Palm Beach, for appellant.
Joseph J. Mancini, of Richeson & Brown, P.A., Ft. Pierce, for appellee.
Rehearing, Rehearing En Banc and Clarification Denied; Certification Granted September 10, 1991.
FARMER, Judge.
We reverse the summary judgment in favor of the defendant County in this action for relief under section 112.3187, Florida Statutes (1989), the "Whistle-blower's Act of 1986." In particular, we conclude that the affidavit of the witness Holt, which everyone agrees was timely served, showed a material factual dispute as to whether plaintiff suffered "adverse personnel action" after he had voluntarily disclosed what he believed to be wrongdoing by his supervisor.
We also do not believe that the Whistle-blowers Act, properly read, contains any exclusion for those "in pari delicto" as argued by the County. Quite the contrary, we construe the statute to include even those who previously participated in the wrongdoing, so long as they are employees or persons
who disclose information on their own initiative in a sworn complaint; [or] who are requested to participate in an investigation, hearing, or other inquiry conducted by any agency or federal government entity; * * *.
§ 112.3187(7), Fla. Stat. (1989).
We certainly think that plaintiff's affidavits also showed the existence of evidence that a jury might accept as establishing that plaintiff himself had done nothing wrong and that he had voluntarily disclosed conduct of the supervisor which constituted malfeasance by an official of the county. It was not for the trial judge considering a motion for summary judgment to sort out the factual contentions and apply the law to them. We remand so that a jury can do so.
REVERSED.
DOWNEY, J., and WALDEN, JAMES H., Senior Judge, concur.