609 So.2d 27 (1992)
MARTIN COUNTY, Petitioner,
v.
Willie EDENFIELD, Sr., Respondent.
No. 78768.
Supreme Court of Florida.
November 19, 1992.
*28 J. David Richeson and Joseph J. Mancini of Richeson and Brown, P.A., Fort Pierce, for petitioner.
W. Trent Steele and Philip M. Burlington of Edna L. Caruso, P.A., West Palm Beach, for respondent.
John J. Copelan, Jr., Co. Atty., Alexander Cocalis, Chief Trial Counsel, and Andrea Karns Hoffman and Maite Azcoitia, Asst. Co. Attys., Fort Lauderdale, amicus curiae for Broward County.
KOGAN, Justice.
We have for review Edenfield v. Martin County, 583 So.2d 1097 (Fla. 4th DCA 1991), which certified the following question of great public importance[1]:
In an action brought under the Whistle-Blower's Act, must summary judgment against plaintiffs be granted when plaintiffs participated in the wrongdoing they disclosed?
We have jurisdiction. Art. V, § 3(b)(4), Fla. Const.
Willie Edenfield was an assistant road superintendent for Martin County, Florida. While working for the county, he used a Martin County truck to deliver sod to a private residence owned by his supervisor, and the sod was billed to and paid for by Martin County. Edenfield ordered a subordinate county employee to assist him in delivering the sod. These actions were completed at the behest of the supervisor.
A Martin County commissioner contacted Edenfield about the incident. Edenfield readily admitted his involvement upon questioning by the commissioner. He also implicated his supervisor. Later, Edenfield was moved into an inferior job at lower pay. Edenfield contends that no one other than himself was subjected to an adverse employment decision as a result of these incidents. However, Martin County contends that Edenfield's supervisor resigned and criminal charges were filed against him. Edenfield has countered that the supervisor resigned with his retirement benefits intact and there is no evidence in the record that the supervisor was prosecuted or suffered any other detriment.
Edenfield then sued the county under the Whistle-Blower's Act. Martin County moved for summary judgment, which was granted. On appeal, the district court reversed on grounds that the statute does not create an exception for whistle-blowers who are in pari delicto with the wrongdoers whose malfeasance they have revealed. Edenfield, 583 So.2d at 1098.
The Whistle-Blower's Act of 1986 forbids adverse actions against employees of state government and contractors who
disclose information on their own initiative in a sworn complaint; who are requested to participate in an investigation, hearing, or other inquiry conducted by any agency or federal government entity; or who refuse to participate in any action prohibited by this section.
§ 112.3187(7), Fla. Stat. (1989). Employees are protected for disclosures that include:
(a) Any violation or suspected violation of any federal, state, or local law, rule, or regulation committed by an agency or *29 independent contractor that creates and presents a substantial and specific danger to the public's health, safety, or welfare.
(b) Any act or suspected act of malfeasance, misfeasance, or neglect of duty committed by an agency.
§ 112.3187(5), Fla. Stat. (1989). A governmental agency can raise as a defense the claim
that the adverse action was predicated upon grounds other than the employee's or person's exercise of rights protected by this section.
§ 112.3187(10), Fla. Stat. (1989).
Although Martin County urges us to find ambiguity in the statute, we believe the language is plain and supports the conclusions reached by the district court. Florida law is well settled that ambiguity is a prerequisite to judicial construction, and in the absence of ambiguity the plain meaning of the statute prevails. Holly v. Auld, 450 So.2d 217 (Fla. 1984). Moreover, even if we accepted the proposition that ambiguity exists, we believe it clear that the Whistle-Blower's Act is a remedial statute designed to encourage the elimination of public corruption by protecting public employees who "blow the whistle." As a remedial act, the statute should be construed liberally in favor of granting access to the remedy. Amos v. Conkling, 99 Fla. 206, 126 So. 283 (1930). We so construe it here.
On its face, the statute declares that defendants can raise in defense the fact that the employee or other protected person was subjected to adverse action for some reason other than the act of whistle-blowing itself. Obviously, this can include the fact that the employee was involved in the corruption in question and was subjected to adverse action for that reason, and that reason alone, or for some other neutral and nonpretextual reason. However, the legislature characterized this as a "defense," not as an exception to the statute's protections.[2] As such, it is subject to the somewhat rigorous procedural niceties and burdens of proof that apply when a defense or its absence is asserted as the basis for a motion for summary judgment.
Under Florida law, a "defense" is any allegation raised by the defendant that, if true, would defeat or avoid the plaintiff's cause of action. Lovett v. Lovett, 93 Fla. 611, 112 So. 768 (1927). A defense is not a sufficient basis for granting a motion for summary judgment unless the evidence supporting that defense is so compelling as to establish that no issue of material fact actually exists. Harvey Building, Inc. v. Haley, 175 So.2d 780 (Fla. 1965). For example, our courts consistently have held that plaintiffs are not entitled to summary judgment unless they conclusively disprove the existence of a defense raised by the defendants or establish its legal insufficiency. E.g., O'Neal v. Brady, 476 So.2d 294 (Fla. 3d DCA 1985). The reverse thus also must be true: Defendants moving for summary judgment must conclusively prove both the factual existence of the defense upon which they rely and its legal sufficiency. Cf. id.
Martin County has not conclusively proven the first of these elements.[3] Edenfield contends that he alone was singled out for adverse action while the supervisor who authored the corruption was allowed to retire with benefits. We acknowledge Martin County's contention that the supervisor was forced to retire and was the subject of a criminal complaint, but we do not believe these allegations of themselves are sufficient to take the question from the finder of fact. The record is not entirely clear on the nature of these factual allegations. At least one reasonable inference is that Edenfield's punishment was of greater severity than his supervisor's, and thus that he was subjected to an adverse action at least in part because he blew the whistle. We believe that more lenient treatment *30 of a co-perpetrator who is of equal or greater guilt can be used as evidence to infer a violation of the statute, although it is not necessarily dispositive of liability in all cases.
Thus, an issue of material fact continues to exist in the present record. Since Martin County has not conclusively proven the existence of the defense upon which it relies, the issue could not be removed from the finder of fact.[4] The order of summary judgment was inappropriate here.
In so concluding, we do not imply that employees or other persons protected by the act can render themselves immune from being penalized on the job for their participation in misconduct simply by being the first to blow the whistle. So long as the employer takes adverse action based solely on the misconduct or some other neutral and nonpretextual reason, the whistle-blowing employee would have no cause of action as a matter of law and a motion for summary judgment would be appropriately granted. However, the meting of lesser penalties to "silent"[5] co-perpetrators who are of equal or greater culpability often may be sufficient grounds to require that the motion for summary judgment be denied unless the employer can conclusively establish some neutral, nonpretextual reason for the adverse action.[6] § 112.3187(10), Fla. Stat. (1989).
We caution, however, that the failure to prevail on the motion for summary judgment does not preclude a defendant from presenting evidence to the fact-finder at trial, as authorized by section 112.3187(10), Florida Statutes (1989). Nor does the lesser punishment meted to a co-perpetrator establish liability in every case. In this sense, the defense created by section 112.3187(10), Florida Statutes (1989), has two levels of operation.
First, summary judgment can be granted based on the defense only if the defendants have conclusively shown that no issue of material fact actually exists, under the principles outlined above. Otherwise, the case must be submitted to the fact-finder. Second, in presenting the case to the fact-finder, the defendant is entitled to submit all available admissible evidence and testimony tending to establish that the adverse employment action was based in whole or in part on matters not protected by the Whistle-Blower's Act, including involvement in the corruption or impropriety in question. Id. A lesser penalty meted to a silent co-perpetrator can support an inference of an unlawful act under the statute, but this inference can be rebutted if the employer establishes that the adverse employment action actually was neutral and nonpretextual notwithstanding the fact that unequal punishments were meted to co-perpetrators. On remand, Martin County shall be allowed to present and argue such evidence and testimony to the fact-finder at trial as are consistent with this opinion and the statute.[7]
For the reasons expressed here, the result reached by the district court is approved. We answer the certified question in the negative as qualified herein. This cause is remanded to the trial court for further proceedings consistent with our views above.
It is so ordered.
BARKETT, C.J., and OVERTON, McDONALD, SHAW, GRIMES and HARDING, JJ., concur.
NOTES
[1] The district court did not phrase the question itself, so we do so ourselves.
[2] This may not be true under the statute as it was amended on July 7, 1992. Ch. 92-316, § 12, Laws of Fla. These amendments, however, were retroactive only to July 1, 1992. Ch. 92-316, § 16, Laws of Fla. Accordingly, the 1992 amendments do not apply to the present cause of action.
[3] We agree, however, that involvement in corrupt acts in the abstract is a legally sufficient defense under the statute.
[4] We express no opinion, however, as to whether Edenfield's punishment actually was more severe than his supervisor's or whether Edenfield is entitled to any award of damages. These are issues for the fact-finder.
[5] By "silent," of course, we mean co-perpetrators who did not participate in the whistle-blowing.
[6] A layoff necessitated by budget cuts, for example, would be a neutral reason provided there was no causal link between the whistle-blowing and the decision to lay off that particular employee.
[7] We recognize that section 112.3187(10) also was amended in 1991. Ch. 91-285, Laws of Fla. Our opinion today obviously does not construe the 1991 amendments, although we do not view them as inconsistent with our views here.