645 So.2d 422 (1994)
ARROW AIR, INC., Petitioner,
v.
Michael WALSH, Respondent.
No. 83,014.
Supreme Court of Florida.
November 17, 1994.
Kathleen M. O'Connor of Thornton, David, Murray, Davis, Thornton & Sreenan, P.A., Miami, for petitioner.
Kelly B. Gelb of Krupnick, Campbell, Malone, Roselli, Buser & Slama, Fort Lauderdale, and Barbara Green of Barbara Green, P.A., Coral Gables, for respondent.
KOGAN, Justice.
We have for review Walsh v. Arrow Air, Inc., 629 So.2d 144 (Fla. 3d DCA 1993), because of conflict with various decisions from this Court addressing the retroactive application of new legislation. We have jurisdiction. Art. V, § 3(b)(3), Fla. Const.
*423 The private sector Whistle-Blower's Act,[1] which became effective June 7, 1991, prohibits private sector employers from taking retaliatory personnel action[2] against employees who "blow the whistle" on employers who violate the law or against employees who refuse to participate in violations of the law[3] and provides employees a civil cause of action for such retaliation.[4] This case presents the question of whether the Act should be applied to impose liability for a termination that occurred prior to its effective date.
This controversy began when Michael Walsh filed a complaint against his former employer, Arrow Air, Inc., for wrongful discharge. Walsh is a Florida resident who was employed as a flight engineer by Arrow Air, a Florida corporation with its principal place of business in Dade County, Florida. Walsh alleges that he was fired on May 15, 1989, in retaliation for delaying a flight scheduled for departure from John F. Kennedy Airport in New York and for reporting safety violations in connection with the flight. According to the complaint, Walsh insisted on delaying the flight for five hours until proper repairs to the plane's hydraulic system could be made and then reported the problems. Walsh's actions were not well received by the maintenance director who protested entry of the report in the log book. Walsh was fired approximately three weeks later. The action was brought in a Florida court under New York Labor Law section 740 (McKinney 1989). After determining that the action was governed by Florida Law and that a cause of action for retaliatory discharge was not recognized within this state, the trial court granted Arrow Air's motion to dismiss for failure to state a cause of action.
Walsh appealed. The Third District Court of Appeal originally affirmed. However, while the court was considering Walsh's motion *424 for rehearing, the private sector Whistle-Blower's Act became effective. After asking for supplemental briefs on the applicability of the new law, the district court vacated its prior decision and reversed the dismissal of Walsh's complaint. The district court determined that because Florida has the most significant relationship to the case,[5] the trial court correctly ruled that Florida law governs. It then held that the "remedial" act should be applied to pending cases and remanded for a determination of whether Walsh's complaint states or can be amended to state a cause of action under the new law. 629 So.2d at 149.
The district court acknowledged that as a general rule, in the absence of clear legislative intent to the contrary, a law affecting substantive rights is presumed to apply prospectively. See Alamo Rent-A-Car, Inc. v. Mancusi, 632 So.2d 1352, 1358 (Fla. 1994); State v. Lavazzoli, 434 So.2d 321, 323 (Fla. 1983); Florida Department of Revenue v. Zuckerman-Vernon Corp., 354 So.2d 353, 358 (Fla. 1977). However, looking to our recent decision in Martin County v. Edenfield, 609 So.2d 27, 29 (Fla. 1992), the court determined that like the public sector Whistle-Blower's Act,[6] the private sector act is "remedial." Thus, an intent that the new law be applied to pending cases should be presumed. 629 So.2d at 148.
We have recognized that the presumption in favor of prospective application generally does not apply to "remedial" legislation; rather, whenever possible, such legislation should be applied to pending cases in order to fully effectuate the legislation's intended purpose. City of Orlando v. Desjardins, 493 So.2d 1027 (Fla. 1986). However, we have never classified a statute that accomplishes a remedial purpose by creating substantive new rights or imposing new legal burdens as the type of "remedial" legislation that should be presumptively applied in pending cases. See L. Ross, Inc. v. R.W. Roberts Const. Co., Inc., 481 So.2d 484 (Fla. 1986) (statute creating right to attorney's fees could not be applied retroactively); City of Lakeland v. Catinella, 129 So.2d 133, 136 (only statutes that do not create new or take away vested rights are exempt from the general rule against retrospective application.) Our decision in Martin County cannot support a contrary conclusion because we were not addressing the retroactive application of the statute at issue there. Rather, we were addressing whether under the 1987 version of section 112.3187 an employee's participation in the wrongdoing he disclosed could serve as an absolute shield from liability under the statute. In that context, we determined that in light of its "remedial" purpose  "to encourage the elimination of public corruption by protecting public employees who `blow the whistle'"  the statute should be liberally construed in favor of granting access to the remedy. 609 So.2d at 29.
The district court is correct that the private sector Whistle-Blower's Act serves a similar purpose  to protect private employees who report or refuse to assist employers who violate laws enacted to protect the public. However, the Act accomplishes this purpose by creating a new cause of action and thereby directly affects substantive rights and liabilities. Such is the clear effect of the act because a common law tort for retaliatory discharge has never been recognized within this state. See Scott v. Otis Elevator Co., 572 So.2d 902, 903 (Fla. 1990) (Florida does not recognize common law tort for retaliatory discharge); Smith v. Piezo Technology & Professional Admrs., 427 So.2d 182, 184 (Fla. 1983) (same); DeMarco v. Publix Super Markets, Inc., 384 So.2d 1253 (Fla. 1980) (when term of employment is for indefinite period, either party may terminate the employment at any time and for any reason, without incurring liability).
The United States Supreme Court has recently refused to give a similar enactment retroactive effect. In Landgraf v. USI Film Products, ___ U.S. ___, 114 S.Ct. 1483, 128 *425 L.Ed.2d 229 (1994), the Court was presented with the question of whether certain provisions of the Civil Rights Act of 1991[7] apply to cases that were pending when the law was enacted. In holding that they do not, the Court recognized that the act was designed to serve a remedial purpose  "to respond to recent decisions of the Supreme Court by expanding the scope of relevant civil rights statutes in order to provide adequate protection to victims of discrimination." ___ U.S. at ___, 114 S.Ct. at 1489. However, because application of the 1991 Act would attach new legal consequences to events completed before its enactment, the Court refused to apply it to pending cases, absent clear congressional intent favoring retroactive application. Id. at ___-___, 114 S.Ct. at 1505-08.
The presumption against retroactive application of a law that affects substantive rights, liabilities, or duties is a well established rule of statutory construction. See Young v. Altenhaus, 472 So.2d 1152, 1154 (Fla. 1985); Walker & LaBerge, Inc. v. Halligan, 344 So.2d 239, 241 (Fla. 1977); Zuckerman-Vernon Corp., 354 So.2d at 358. As noted by the United States Supreme Court, it is an appropriate default rule which comes into play in the absence of an express statement of legislative intent.
Because it accords with widely held intuitions about how statutes ordinarily operate, a presumption against retroactivity will generally coincide with legislative and public expectations. Requiring clear intent assures that [the legislature] itself has affirmatively considered the potential unfairness of retroactive application and determined that it is an acceptable price to pay for the countervailing benefits. Such a requirement allocates to [the legislature] responsibility for fundamental policy judgments concerning the proper temporal reach of statutes, and has the additional virtue of giving legislators a predictable background rule against which to legislate.
___ U.S. at ___, 114 S.Ct. at 1501. We also agree that the mere fact that "retroactive application of a new statute would vindicate its purpose more fully ... is not sufficient to rebut the presumption against retroactivity," in a case like this. Id. at ___-___, 114 S.Ct. at 1507-08.
There can be no question that application of the private sector Whistle-Blower's Act on these facts would give the employee a substantive right that he did not have at the time he was discharged and would subject the employer to new liability for its past conduct. Thus, because we find no clear evidence of legislative intent to rebut the presumption against such retroactive application, we quash the decision under review and remand for further proceedings consistent with this opinion.[8]
It is so ordered.
GRIMES, C.J., and OVERTON, SHAW, HARDING, WELLS and ANSTEAD, JJ., concur.
NOTES
[1] Ch. 91-285, §§ 4-8, Laws of Fla., codified at §§ 448.101-.105, Fla. Stat. (1993).
[2] Section 448.101(5), Florida Statutes (1993), defines "retaliatory personnel action" as "the discharge, suspension, or demotion by an employer of an employee or any other adverse employment action taken by an employer against an employee in the terms and conditions of employment."
[3] Section 448.102, Florida Statutes (1993), provides:

Prohibitions.  An employer may not take any retaliatory personnel action against an employee because the employee has:
(1) Disclosed, or threatened to disclose, to any appropriate governmental agency, under oath, in writing, an activity, policy, or practice of the employer that is in violation of a law, rule, or regulation. However, this subsection does not apply unless the employee has, in writing, brought the activity, policy, or practice to the attention of a supervisor or the employer and has afforded the employer a reasonable opportunity to correct the activity, policy, or practice.
(2) Provided information to, or testified before, any appropriate governmental agency, person, or entity conducting an investigation, hearing, or inquiry into an alleged violation of a law, rule, or regulation by the employer.
(3) Objected to, or refused to participate in, any activity, policy, or practice of the employer which is in violation of a law, rule, or regulation.
[4] Section 448.103, Florida Statutes (1993), provides:

Employee's remedy; relief 
(1)(a) An employee who has been the object of a retaliatory personnel action in violation of this act may institute a civil action in a court of competent jurisdiction for relief as set forth in subsection (2) within 2 years after discovering that the alleged retaliatory personnel action was taken, or within 4 years after the personnel action was taken, whichever is earlier.
(b) Any civil action authorized under this section may be brought in the county in which the alleged retaliatory personnel action occurred, in which the complainant resides, or in which the employer has its principal place of business.
(c) An employee may not recover in any action brought pursuant to this subsection if he failed to notify the employer about the illegal activity, policy, or practice as required by s. 448.102(1) or if the retaliatory personnel action was predicated upon a ground other than the employee's exercise of a right protected by this act.
(2) In any action brought pursuant to subsection (1), the court may order relief as follows:
(a) An injunction restraining continued violation of this act.
(b) Reinstatement of the employee to the same position held before the retaliatory personnel action, or to an equivalent position.
(c) Reinstatement of full fringe benefits and seniority rights.
(d) Compensation for lost wages, benefits, and other remuneration.
(e) Any other compensatory damages allowable at law.
Section 448.104, Florida Statutes (1993), provides for attorney's fees to be awarded to the prevailing party.
[5] The court determined that Florida has the most significant relationship because both parties are Florida residents and the actual termination occurred in Florida. Although the complaint does not allege where the alleged wrongful termination occurred, Walsh conceded before the district court that he was discharged in Florida.
[6] Codified at section 112.3187, Florida Statutes (1993).
[7] The relevant provisions, which are found in section 102 of the Act, create a right to recover compensatory and punitive damages for certain violations of Title VII of the Civil Rights Act of 1964, provide for a jury trial if such damages are claimed, and have the effect of creating a new cause of action for some forms of workplace discrimination that would not previously have been actionable under Title VII. 114 S.Ct. at 1488-91.
[8] Because we have construed the statute to apply prospectively and thus not to apply in this case, we need not address Arrow Air's due process claim. We also decline to address the other issues raised by the parties.