697 So.2d 892 (1997)
Mike VANACORE, Appellant,
v.
UNC ARDCO INCORPORATED, a foreign corporation, d/b/a UNC Accessory Services-Florida, Appellee.
No. 96-3291.
District Court of Appeal of Florida, Fourth District.
July 9, 1997.
Rehearing and Rehearing Denied August 28, 1997.
*893 Daniel R. Levine and Susan L. Dolin of Muchnick, Wasserman & Dolin, Hollywood, for appellant.
Mark A. Salzberg and Ronald P. Weil of Aragon, Burlington, Weil & Crockett, P.A., Miami, for appellee.
Rehearing and Rehearing En Banc Denied August 28, 1997.
GUNTHER, Judge.
Appellant, Mike Vanacore, sued UNC Ardco, an aircraft repair station and Appellant's former employer, under Florida's Whistleblower Act. § 448.102(3), Fla. Stat. (1995). UNC Ardco moved for judgment on the pleadings, arguing that the Federal Aviation Administration Authorization Act (FAAAA) preempted Appellant's suit. The trial court agreed, entering final judgment in UNC Ardco's favor. The sole issue on appeal is whether the FAAAA preempts Florida's Whistleblower Act. We hold that the FAAAA does not preempt Florida's Whistleblower Act because Florida's Whistleblower Act does not impinge on air carriers' rates, routes, or services. Accordingly, we reverse and remand.
Florida's Whistleblower Act provides employees a cause of action against employers who wrongfully discharge them for disclosing to a government agency that the employer has violated the law or for objecting to or refusing to participate in the employer's illegal practices. §§ 448.102-103. The purpose of this act is "to protect private employees who report or refuse to assist employers who violate laws enacted to protect the public." Arrow Air, Inc. v. Walsh, 645 So.2d 422, 424 (Fla.1994).
Congress enacted the Airline Deregulation Act (ADA) for the purpose of promoting efficiency, innovation, cost-effectiveness, and quality in airline transportation by relying on competitive market forces instead of regulation. See 49 U.S.C. § 1302 (1978). Without intending to make any substantive changes, Congress reenacted Title 49 and redesignated it the FAAAA.[1]See American Airlines, Inc. v. Wolens, 513 U.S. 219, 223 n. 1, 115 S.Ct. 817, 821 n. 1, 130 L.Ed.2d 715 (1995); Huntleigh Corp. v. Louisiana State Bd. of Private Sec. Examiners, 906 F.Supp. 357, 359 & n. 2 (M.D.La.1995).
The FAAAA's preemption provision provides that a state may not enact or enforce legislation "having the force and effect of law related to a price, route, or service of an air carrier that may provide air transportation." 49 U.S.C. § 41713(b)(1). The United States Supreme Court has construed this language rather broadly, holding that "[s]tate enforcement actions having a connection with or reference to airline `rates, routes or services' " are preempted by the FAAAA. Morales v. Trans World Airlines, Inc., 504 U.S. 374, 384, 112 S.Ct. 2031, 2037, 119 L.Ed.2d 157 (1992). Yet the Court also cautioned that state actions which affect airline rates, routes, or services "in too tenuous, remote, or peripheral a manner" do not have preemptive effect. Id. at 390, 112 S.Ct. at 2040. Neither party seriously contends that Appellant's whistleblower claim might somehow affect airline rates or routes. Therefore, we focus on whether Florida's Whistleblower Act has a "connection with or reference to" airline services. Id. at 384, 112 S.Ct. at 2037.
In Anderson v. American Airlines, Inc., 2 F.3d 590 (5th Cir.1993), the Fifth Circuit held that the FAAAA did not preempt a money damages claim for retaliatory discharge. Applying the rationale of Morales, the Fifth Circuit reasoned that any effect a damages claim for retaliatory discharge may have on an airline's services is far too remote to trigger preemption. Id. at 597.
Similarly, we find that the FAAAA's explicit preemption provision does not preempt Florida's Whistleblower Act. § 41713(b)(1). We fail to see how Appellant's whistleblower suit might have any "connection with or reference *894 to" airline services. Morales, 504 U.S. at 384, 112 S.Ct. at 2037. Even if Appellant's whistleblower suit did affect airline services in some way, then any potential impact it might have would be far too tenuous and remote to trigger preemption under the FAAAA's explicit preemption provision. See § 41713(b)(1); Morales, 504 U.S. at 390, 112 S.Ct. at 2040; Anderson, 2 F.3d at 597.
Further, we are not convinced that the FAAAA otherwise preempts Florida's Whistleblower Act by implication. Florida's Whistleblower Act provides employees with relief in the event of retaliatory discharge. See Walsh, 645 So.2d at 424. By contrast, the FAAAA's purpose is to provide maximum reliance on competitive market forces in order to improve airline travel. See Morales, 504 U.S. at 378, 112 S.Ct. at 2033. Given these wholly unrelated purposes, it is not reasonable to conclude that Appellant's whistleblower suit might somehow frustrate the FAAAA's reliance on "competitive market forces" or otherwise impinge on the purpose of the FAAAA.
We do not overlook the opinion in Marlow v. AMR Servs., Corp., 870 F.Supp. 295 (D.Haw.1994), where the court determined that an ex-employee's claim against a jet bridge maintenance company based on alleged violations of the Hawaii Whistleblower's Protection Act was preempted by the FAAAA. Marlow contains essentially no analysis regarding how the plaintiff's whistleblower claim could have a connection with or reference to air carrier services. Thus, we fail to see how any connection between a whistleblower suit and the FAAAA would be anything more than tenuous or remote. See Morales, 504 U.S. at 390, 112 S.Ct. at 2040. We also fail to see how a whistleblower claim would frustrate the FAAAA's purpose to rely on competitive market forces in promoting efficiency and quality in interstate airline travel. See id. at 378, 112 S.Ct. at 2033. As such, we decline to follow Marlow.
Accordingly, we conclude that the FAAAA does not preempt Appellant's claim under Florida's Whistleblower Act. We reverse the trial court's entry of final judgment for UNC Ardco on this ground and remand for proceedings consistent with this opinion.
REVERSED and REMANDED.
POLEN and FARMER, JJ., concur.
NOTES
[1] Because no substantive changes were intended, the terms "ADA" and "FAAAA" are interchangeable for our purposes.