645 So.2d 1047 (1994)
David G. HUTCHISON, Appellant,
v.
PRUDENTIAL INSURANCE COMPANY OF AMERICA, INC., Appellee.
No. 93-2279.
District Court of Appeal of Florida, Third District.
November 9, 1994.
David G. Hutchison, in pro. per.
Shutts & Bowen and Karen H. Curtis, Miami, for appellee.
Before HUBBART, COPE and GODERICH, JJ.
*1048 COPE, Judge.
David G. Hutchison appeals an order dismissing his second amended complaint with prejudice. We reverse.
Plaintiff Hutchison filed a lawsuit under the Whistle-blower's Act of 1986, section 112.3187, Florida Statutes (1991). As stated in the second amended complaint,[1] plaintiff Hutchison was formerly a licensed insurance salesperson employed by Prudential. During the summer of 1991, Prudential desired to sell insurance policies to members of the Monroe County Sheriff's Department. Prudential and the Sheriff's Department entered into a contract for payroll deduction. Under the payroll deduction contract, if a Sheriff's Department employee purchased a Prudential insurance policy, the employee could make payment through payroll deduction. After the Prudential-Sheriff's Department payroll deduction agreement was in place, Prudential began selling individual insurance policies to Sheriff's Department employees.
Plaintiff alleged that in August, 1991 he became aware that Prudential agents may have engaged in unfair trade practices in violation of section 626.9541, Florida Statutes (1991) by misrepresenting that the life insurance policies were retirement plans. Plaintiff reported this information to a Prudential manager. The manager instructed plaintiff not to interfere in the activities of other Prudential agents.
The next day plaintiff contacted the Monroe County Sheriff's Department about this issue. At the request of the Sheriff's Department, plaintiff sent a letter to the Department setting forth the foregoing information. The Sheriff's Department then published plaintiff's letter in the Sheriff's Department internal newsletter. Upon learning of the foregoing whistle-blowing activities by plaintiff, Prudential fired plaintiff.
The trial court dismissed the second amended complaint, concluding that the foregoing facts do not state a cause of action under the Whistle-blower's Act of 1986.[2] Under the statute, "It is the intent of the Legislature to prevent agencies or independent contractors from taking retaliatory action against an employee who reports to an appropriate agency violations of law on the part of a public employer or independent contractor that create a substantial and specific danger to the public's health, safety, or welfare." § 112.3187(2), Fla. Stat. (1991) (emphasis added). The statute provides remedies where an agency or independent contractor dismisses or disciplines a whistle-blower who has made a disclosure protected by the statute. See § 112.3187(4)-(8), Fla. Stat. (1991).
As a threshold matter, the trial court concluded that Prudential was not an "independent contractor" covered by the statute. An "independent contractor" is "a person, other than an agency, engaged in any business and who enters into a contract with an agency." § 112.3187(3)(d), Fla. Stat. (1991). The Sheriff's Department is an "agency" as that term is defined in the statute.[3]
Prudential argued that the actual parties to the life insurance policies were Prudential and the respective Sheriff's Department employees who bought them. The Sheriff's Department itself was not party to these insurance policies. Prudential contended that its payroll deduction contract with the Sheriff's Department was insufficient to render it an "independent contractor" under the Act because the underlying alleged violation dealt with the marketing of the individual insurance policies and not the payroll deduction contract.
*1049 In our view, Prudential takes too narrow a view of this statute, which is a remedial one. See Martin County v. Edenfield, 609 So.2d 27, 29 (Fla. 1992). "[T]he statute should be construed liberally in favor of granting access to the remedy." Id. (citation omitted). The plaintiff has specifically alleged the existence of a contract of payroll deduction between Prudential and the Monroe County Sheriff's Department. The life insurance policies at issue here were marketed as products eligible for payroll deduction. The payroll deduction feature undoubtedly facilitated the sale of the insurance policies to the Sheriff's Department employees. We think that the existence of the payroll-deduction contract between Prudential and the Monroe County Sheriff's Department qualifies Prudential as an "independent contractor" as defined in the statute. Where, as alleged here, an insurer enters into a payroll deduction agreement with a governmental agency, and then sells insurance policies to individual employees as policies which can be paid for through payroll deduction, the insurer is an independent contractor for purposes of the Whistle-blower's Act.
The trial court also dismissed the second amended complaint on the theory that the plaintiff's letter to the Monroe County Sheriff's Department did not qualify as a protected communication under the statute. In order to be protected under the Act, "[t]he information disclosed under this section shall be disclosed to any agency or federal government entity having the authority to investigate, police, manage, or otherwise remedy the violation or act." § 112.3187(6), Fla. Stat. (1991) (emphasis added). Prudential argues that the statute would have protected plaintiff had he complained to the Florida Department of Insurance, but does not protect a communication directed to the Monroe County Sheriff's Department. Prudential asserts that the Sheriff's Department has no jurisdiction to regulate insurance sales.
Again, we believe that Prudential takes too narrow a view of the statute. While the Sheriff's Department is not an insurance regulatory agency, the Sheriff's Department clearly did have "authority to ... otherwise remedy the violation or act." Id. If the Sheriff's Department had thought it appropriate, it could have terminated the payroll deduction contract. The Sheriff's Department could, and did, "otherwise remedy" the claimed violation by distributing the plaintiff's letter to every Sheriff's Department employee through the newsletter. We conclude that the Sheriff's Department was an appropriate governmental agency under the statute.
The trial court also concluded that the nature of the alleged violation is not one which fell within the scope of the statute. Under the Act, protected information includes information about "[a]ny violation or suspected violation of any federal, state, or local law, rule, or regulation committed by an agency or independent contractor that creates and presents a substantial and specific danger to the public's health, safety, or welfare." § 112.3187(5)(a), Fla. Stat. (1991) (emphasis added). Prudential successfully argued that an allegation of systematic misrepresentation in the sale of insurance policies is not a matter sufficiently serious to create a substantial and specific danger to the public welfare. Prudential argues that since the alleged misconduct involved sales directed only at the employees of one county's sheriff's department, this renders the matter insubstantial for purposes of the Whistle-blower's Act.
Again, we think that Prudential takes too narrow a view of the scope and remedial purpose of the statute. We need not explore the precise boundaries of the statute. Suffice it to say that plaintiff's allegation that life insurance policies were being misrepresented as "retirement plans" to members of the Monroe County Sheriff's Department falls within the scope of the statute.[4]
*1050 The trial court additionally decided that the plaintiff's cause of action is defeated because the information he transmitted went to the Monroe County Sheriff's Department in the form of a letter. The statute provides that it protects, among other things, "employees and persons who disclose information on their own initiative in a written and signed complaint... ." § 112.3187(7), Fla. Stat. (1991). Prudential argues that the letter does not constitute a "written and signed complaint." In our view the purpose of requiring a signed writing is to document what the employee disclosed, and to whom the employee disclosed it, thus avoiding problems of proof for purposes of the Whistle-blower's Act. A signed letter is sufficient. Indeed, plaintiff alleges that a letter is the form of communication requested by the Sheriff's Department. We conclude that the letter qualifies as a protected communication under the Act.
As stated previously, this statute is remedial in nature. It must be liberally interpreted in order to accomplish its intended purpose. Here, the whistle-blower directed the information to an agency which, although not an insurance regulatory agency, was a public agency in a position to do something about the allegations. When the agency received the information in the requested written form, the agency made the judgment that the information should be distributed through the internal newsletter to all employees. In our view such a chain of events is entirely consistent with the legislative purpose.
In the proceedings here, Prudential concedes that the facts set forth in the second amended complaint also suffice to state a good cause of action under the private sector whistle-blower's act, §§ 448.101-448.105, Fla. Stat. (1991). Since there must be further proceedings, we direct that on remand plaintiff be given an opportunity to amend to plead an alternative claim under sections 448.101-448.105.[5]See generally Fla. Const. art. V, § 2(a); Department of Revenue v. Kuhnlein, 646 So.2d 717, ___ (Fla. 1994); Swain v. Reliable Ins. Co., 200 So.2d 862, 863-64 (Fla. 3d DCA 1967).
Accordingly, we reverse the order under review and remand the cause for further proceedings consistent herewith.
NOTES
[1] For present purposes, the allegations of the second amended complaint must be taken as true.
[2] The parties are in agreement that the Whistle-blower's Act of 1986, § 112.3187, Fla. Stat. (1991), is the relevant version of the statute for present purposes. The Act has been subsequently amended and retitled. See Ch. 92-316, § 12, Laws of Fla.
[3] Under the Act:

(a) "Agency" means any state, regional, county, local, or municipal government entity, whether executive, judicial, or legislative; any official, officer, department, division, bureau, commission, authority, or political subdivision therein; or any public school, community college, or state university.
§ 112.3187(3)(a), Fla. Stat. (1991).
[4] Prudential argues that under the wording of the statute, the only violation which would qualify would be one which threatens the health, safety, or welfare of the public at large. If the statute were given that interpretation, it would defeat the remedial purpose since there would be few, if any, situations to which the statute would apply. We do not think that the legislature intended any such interpretation.
[5] For a general discussion of this statute see Walsh v. Arrow Air, Inc., 629 So.2d 144 (Fla. 3d DCA 1993), review granted, 639 So.2d 975 (Fla. 1994). The present case does not involve the retroactivity issue contained in Walsh.