ANTOON, Judge.
The county court entered an order determining that a draft audit report pertaining to Hernando County’s legal department was subject to disclosure under Florida’s public record law, chapter 119 of the Florida Statutes (1995). In its order the county court certified the following question as being of great public importance:
Does delivery, by an internal auditor, of an audit report draft prepared for or on behalf of a unit of local government, to a County Administrator, who has no management responsibilities for the audited department, soliciting management comment and review, constitute delivery of a “final” audit to the “unit of local government” as contemplated by Florida Statute 119.07(3)(y) thus rendering the audit report draft a public record not exempt under the provision of Florida Statutes 119.07(3)(y)?
We accepted jurisdiction pursuant to rule 9.160(e)(2), of the Florida Rules of Appellate Procedure. Having considered the certified question, we conclude that the instant draft audit report was not subject to disclosure because it had not yet been presented to a unit of local government and thus was not final. Therefore, we answer the question at issue in the negative and quash the disclosure order.
*1162 Explanation of our decision requires an analysis of Chapter 119 of the Florida Statutes relating to public record laws; in particular, section 119.07 which relates to the examination of public records. In 1995, our legislature amended section 119.07 by adding subsection (3)(y):
119.07 Inspection, examination, and duplication of records; exemptions.—
(l)(a) Every person who has custody of a public record shall permit the record to be inspected and examined by any person desiring to do so, at any reasonable time, under reasonable conditions, and under supervision by the custodian of the public record or the custodian’s designee.
[[Image here]]
(3)
[[Image here]]
(y) The- audit report of an internal auditor prepared for or on behalf of a unit of local government becomes a public record when the audit becomes final. As used in this paragraph, “unit of local government” means a county, municipality, special district, local agency, authority, consolidated city-county government, or any other local governmental body or public body corporate or politic authorized or created by general or special law. An audit becomes final when the audit report is presented to the unit of local government. Audit work-papers and notes related to such audit report are confidential and exempt from the provisions of subsection (1) and s. 24(a), Art. I of the State Constitution until the audit is completed and the audit report becomes final.
§ 119.07(3)(y), Fla. Stat. (1995). Senate Bill No. 224 explained the need for this amendment as follows:
Section 2. The Legislature finds that it is a public necessity that certain workpapers and notes as well as non-final audit reports be held confidential and exempt until the audit is complete and the auditor’s report becomes final in order that the auditor’s investigation be conducted as efficiently and effectively as possible. Because non-final reports and supporting documentation become available prior to audit completion, misinformation is often disseminated to the public. This is harmful to the reputation and economic well-being of those who are being audited who are found in compliance. Furthermore, this exemption is sufficiently narrow in that all audit workpapers and notes as well as non-final drafts of reports become available upon completion of the audit and the report become final.
Chapter 95-399, § 2, at 3273, Laws of Florida. Thus, it is clear that the legislature considered it a matter of public necessity that draft audit reports remain confidential until the final audit is completed and presented to the unit of local government. This procedure was obviously designed to protect against public dissemination of incomplete, and thus potentially misleading, information.
Karen Nicolai is Clerk of the Circuit Court in Hernando County. One of the clerk’s duties is to act as the County’s Internal Auditor. See Art. V, § 16; Art. VIII, § 1(d), Fla. Const.; § 125.17, Fla. Stat. (1995); see also Alachua County v. Powers, 351 So.2d 32 (Fla.1977). In her capacity as County Auditor, Ms. Nicolai conducted an internal audit of the Hernando County Legal Department.
Hernando County’s auditing procedure provides for, among other things, limited participation by the management personnel of the department being audited. Once an audit is commenced, an “entrance conference” is conducted during which the County Auditor explains to management personnel the scope of the audit and the audit program. A schedule is established and field work is done accordingly. When the Auditor has compiled the preliminary findings, an “exit conference” is scheduled with the department’s management personnel. During the exit conference, the County Auditor explains the preliminary findings to the department’s management personnel. If changes to the draft are agreed upon during the conference, revisions are made to the draft audit report. Following the exit conference, management personnel are given the opportunity to submit a “management response” to the Auditor’s preliminary findings. Such response is *1163 considered by the Auditor who can in turn prepare an “audit reply to the response”. Thereupon, the final audit report is completed.
Ms. Nicolai followed these procedures in her audit of Hernando County’s legal department. After the field work was completed, an exit conference was conducted to review the preliminary findings. At this conference, Ms. Nicolai, her deputy in charge of audit services, the county administrator, and the county attorney were present. Ms. Nicolai submitted copies of her draft audit report to the county administrator and the county attorney, and advised them that the final audit would be released in eighteen days.
After the exit conference was concluded, but before the final audit report was completed and presented to the County Commission, appellee, Martha Jane Baldwin, requested a copy of the draft audit report. Ms. Nicolai denied the request stating that the audit report was not yet final because she was still awaiting responses from the county administrator and county attorney, and thus not subject to disclosure. Upon being denied a copy of the draft audit report, Ms. Baldwin filed a two-count complaint against Ms. Nico-lai in the Hernando County Court.
The complaint sought a decree declaring the draft audit report to be a public record pursuant to section 119.07(3)(y), and an award of attorneys’ fees and costs. Upon review the county court ruled that, although “there is no evidence that the audit is complete,” the draft audit report was subject to disclosure under section 119.07(3)(y) because Ms. Nicolai’s delivery of the draft audit report to the county administrator at the exit conference was tantamount to delivery to “a unit of local government” as set forth in the statute. We disagree.
Section 119.07(3)(y) provides that an audit becomes a public record subject to disclosure when it becomes final. The statute further provides that “an audit becomes final when the audit report is presented to the unit of local government.” Pursuant to section 119.07(3)(y), ‘unit of local government’ means “a county, municipality, special district, local agency ... or any other local government body ... created by general or special law.”
It is agreed that the relevant “unit of local government” in the instant case is Hernando County. We are unable to find any case law or statutory authority which supports the conclusion urged by Ms. Baldwin that a county administrator is authorized to act on be-, half of the County Commission for purposes of presentment of a final audit. On the contrary, section 125.74(2) of the Florida Statutes (1995) provides that “[i]t is the intent of the Legislature to grant to the county administrator only those powers and duties which are administrative and ministerial in nature and not to delegate any governmental power imbued in the board of county commissioners as the governing body of the county pursuant to ...” Florida’s constitution. Furthermore, nothing in the record indicates that the Hernando County Board of County Commissioners delegated to the county administrator its authority to receive presentments of final audit reports. Accordingly, the draft audit report was not final upon its delivery to the county administrator during the exit conference.
Having addressed the limited legal question set forth in the county court’s certified question, we must also address two factual issues raised, perhaps inadvertently, by the wording of the question.
As noted above, the county court’s certified question asks whether “delivery ... of an audit report draft ... to a County Administrator, who has no management responsibilities for the audited department ... constitute[s] delivery of a ‘final’ audit to the ‘unit of local government.’ ” Our review of the record reveals no evidence establishing that the draft audit report was “presented” to the county administrator. Instead, the uncontro-verted testimony presented at the hearing below was that copies of the draft audit report were provided to the county administrator during the exit conference in order to give him the opportunity to provide a management response. There also is no record support for the finding that the county administrator “had no management responsibilities for the audited department.” Instead, notwithstanding the county attorney’s official job description, the unrebutted testimony *1164 presented below was that the county administrator was responsible for the management of the county attorney’s office regarding nonlegal matters.
Having answered the certified question in the negative, we must quash the county court’s disclosure order.
DISCLOSURE ORDER QUASHED.
GRIFFIN, C.J., and HARRIS, J., concur.