Ms. Ardyth Walker Staff General Counsel Miami-Dade Office of the General Counsel 175 Northwest First Avenue, Suite 1101 Miami, Florida 33128
Dear Ms. Walker:
On behalf of the Miami-Dade Inspector General, you ask substantially the following questions:
1. Does the Miami-Dade Inspector General qualify as "an appropriate local official" for purposes of the Whistle-blower's Act?
2. Do the confidentiality provisions of section 112.3188, Florida Statutes, apply to all investigations resulting from complaints regarding covered allegations pursuant to section 112.3188(1), Florida Statutes?
3. Does the exemption for internal audits contained in section119.07(3)(y), Florida Statutes, apply to the Miami-Dade Inspector General?
In sum:
1. The Miami-Dade Inspector General appears to qualify as "an appropriate local official" for purposes of the Whistle-blowers Act.
2. The confidentiality afforded by section 112.3188(2)(b), Florida Statutes, extends to those records made or received by the inspector general conducting an active investigation of a whistle-blower disclosure as defined in section 112.3188(1), Florida Statutes, and these records remain confidential until resolution of the investigation. The initial report of wrongdoing received by the inspector general, however, is a public record since that information was received before an investigation was begun, although the name or identity of the individual initially disclosing this information is confidential.
3. The exemption for internal audits contained in section119.07(3)(y), Florida Statutes, would apply to the Miami-Dade Inspector General when conducting audits of county contracts pursuant to the county code.
Question One
The Whistle-blower's Act (act), sections 112.3187-112.31895, Florida Statutes, is intended to prevent agencies, or independent contractors of agencies, from taking retaliatory action against an employee who reports violations of law on the part of a public employer or an independent contractor.[1] It further protects any individual "who discloses information to an appropriate agency alleging improper use of governmental office, gross waste of funds, or any other abuse or gross neglect of duty on the part of an agency, public officer, or employee."[2]
In order to qualify as a whistle-blower complaint, particular information must be disclosed to certain statutorily designated officials.[3] The act provides that for disclosures concerning a local governmental entity, such as a municipality, the information must be disclosed to a chief executive officer as defined in section 447.203(9), Florida Statutes,[4] or "other appropriate local official."
Prior to 1992, the statute authorized disclosure to "any agency or federal government entity having the authority to investigate, police, manage, or otherwise remedy the violation or act."[5] In interpreting this language, the court in Hutchison v. PrudentialInsurance Company of America, Inc.[6] concluded that a police department was an appropriate entity to receive a whistle-blower complaint because the department had the ability to remedy the violation alleged in the complaint. In 1992 and 1993, the whistle-blower statutes were revised and the statutes now refer to disclosure to a chief executive officer or "other appropriate local official."[7]
While the term "other appropriate local official" is not defined in the act, this office in Attorney General Opinion 96-40 considered whether a town's ethics commission could be considered within the scope of the term. The town code provided a procedure for processing complaints filed with the town ethics commission, which was created to administer the town's code of ethics by conducting investigations and making public reports on all complaints concerning breaches of public trust by town officers and employees. The commission could also recommend corrective action and impose sanctions. Based upon the above, this office concluded that the town's ethics commission constituted an "other appropriate local official."
By enactment of the Whistle-blower's Act, the Legislature has provided a clearly defined procedure for local governments to process complaints against governmental entities and public officials or employees. The act recognizes that local governments will establish by ordinance an administrative procedure to investigate and process these complaints. You state that the Office of the Miami-Dade Inspector General was created to investigate and process allegations of violations of federal, state and local laws that create a danger to the public health, safety or welfare or that constitute gross mismanagement, malfeasance, misfeasance, waste of public funds or neglect of duty. Moreover, you state that the powers of the Miami-Dade Inspector General are similar to those possessed by the Chief Inspector General established in section 14.32, Florida Statutes, in the Executive Office of the Governor.
In light of the above, it appears that the Miami-Dade Inspector General would qualify as an "other appropriate local official" for purposes of the Whistle-blower's Act.
Question Two
Section 112.3188(2)(b), Florida Statutes, states:
"All information received by a local chief executive officer or appropriate local official or information produced or derived from fact-finding or investigations conducted pursuant to the administrative procedure established by ordinance by a local government as authorized by s. 112.3187(8)(b) is confidential and exempt from s. 119.07(1) and s. 24(a), Art. I of the State Constitution, if the information is being received or derived fromallegations as set forth in paragraph (1)(a) or paragraph (1)(b)and an investigation is active." (e.s.)
Thus, by its own terms, the exemption in section 112.3188(2)(b), Florida Statutes, is limited to information satisfying two statutory requirements: It must be developed from allegations as set forth in section 112.3188(1)(a) or (b), Florida Statutes, and
it must be the subject of an active investigation. Both aspects of this test must be met.
Section 112.3188(1)(a) and (b), Florida Statutes, describes the type of information that must be disclosed by an individual entitled to receive the protections provided under the act and includes allegations that an employee or agent of an agency or independent contractor:
"(a) Has violated or is suspected of having violated any federal, state, or local law, rule, or regulation, thereby creating and presenting a substantial and specific danger to the public's health, safety, or welfare; or
(b) Has committed an act of gross mismanagement, malfeasance, misfeasance, gross waste of public funds, or gross neglect of duty[.]"
In Attorney General Opinion 98-37, this office was asked whether the exemption contained in section 112.3188(2)(b), Florida Statutes, applies to records received by a municipality conducting an active investigation of a complaint filed against a public officer or employee by a whistle-blower, or whether the exemption is limited to records received as part of an active investigation of a complaint of retaliation against a whistle-blower. After an examination of the terms of the "Whistle-blower's Act" and its relevant legislative history, this office concluded that the confidentiality provisions of section 112.3188(2) extend to information received by a municipality that is the subject of an active whistle-blower investigation pursuant to the terms of the act.
This office noted that the statute makes no distinction between information received from an anonymous source and that from someone who may be identifiable. While in this case the allegations of wrongdoing were received from an anonymous source, the intent of the statute is not only to protect the reporter but also to protect the integrity of the investigation of wrongdoing. Thus, the information received or generated during the course of the investigation is subject to the public records exemption in section 112.3188(2)(b), Florida Statutes, without regard to the source of that information.
Attorney General Opinion 98-37 also notes that since the act requires that in order to be protected, whistle-blower information must be both the subject of an active investigation and the type of information required by the statute, the initial records complaining of misconduct would be public records subject to disclosure since an active investigation was not commenced until after these documents were received. However, section 112.3188(1), Florida Statutes, would provide confidentiality for the name or identity of the individual initially disclosing this information. Any records or information made or received by the appropriate officials while an active investigation is ongoing are exempt from disclosure.
Accordingly, it is my opinion that the confidentiality afforded by section 112.3188(2)(b), Florida Statutes, extends to those records made or received by the inspector general conducting an active investigation of a whistle-blower disclosure as defined in section112.3188(1), Florida Statutes, and these records remain confidential until resolution of the investigation. The initial report of wrongdoing received by the inspector general, however, is a public record since that information was received before an investigation was begun, although the name or identity of the individual initially disclosing this information is confidential.
Question Three
Section 119.07(1)(a), Florida Statutes, provides that "[e]very person who has custody of a public record shall permit the record to be inspected and examined by any person desiring to do so, at any reasonable time, under reasonable conditions, and under supervision by the custodian of the public record or the custodian's designee." Section 119.07(3)(y), Florida Statutes, in establishing an exemption, states:
The audit report of an internal auditor prepared for or on behalf of a unit of local government becomes a public record when the audit becomes final. As used in this paragraph, "unit of local government" means a county, municipality, special district, local agency, authority, consolidated city-county government, or any other local governmental body or public body corporate or politic authorized or created by general or special law. An audit becomes final when the audit report is presented to the unit of local government. Audit workpapers and notes related to such audit report are confidential and exempt from the provisions of subsection (1) and s. 24(a), Art. I of the State Constitution until the audit is completed and the audit report becomes final.
The Legislature explained the need for this exemption as follows:
"The Legislature finds that it is a public necessity that certain workpapers and notes as well as non-final audit reports be held confidential and exempt until the audit is complete and the auditor's report becomes final in order that the auditor's investigation be conducted as efficiently and effectively as possible. Because non-final reports and supporting documentation become available prior to audit completion, misinformation is often disseminated to the public. This is harmful to the reputation and economic well- being of those who are being audited who are found in compliance. Furthermore, this exemption is sufficiently narrow in that all audit workpapers and notes as well as non-final drafts of reports become available upon completion of the audit and the report become final."[8]
Thus, it is clear that the Legislature considered it a matter of public necessity that draft audit reports remain confidential until the final audit is completed and presented to the unit of local government. As the court noted in Nicolai v. Baldwin,[9]
this procedure was obviously designed to protect against public dissemination of incomplete, and thus potentially misleading, information.
While the county apparently has an audit and management services department, you state that the Inspector General is responsible for auditing all county contracts. Section 11(c)(6) of the Metropolitan Dade County Code states:
"The Inspector General shall, on a random basis, perform audits on all County contracts throughout the duration of said contract (hereinafter `mandatory random audits'). The Inspector General may retain an independent private sector inspector general as provided in Section 11(c)(8) to perform mandatory random audits as required herein. The cost of mandatory random audits shall be incorporated into the contract price and shall be one quarter of one percent of the contract price."
The term "internal auditor" is not defined for purposes of section119.07(3)(y), Florida Statutes. However, the term would appear to encompass an official within county government who is responsible under the county code for conducting an audit. Such an interpretation would be in keeping with the intent of the Legislature in expressing the need for the exemption.
Accordingly, I am of the opinion that the exemption for internal audits contained in section 119.07(3)(y), Florida Statutes, would apply to the Miami-Dade Inspector General when conducting audits of county contracts pursuant to the county code.
Sincerely,
Robert A. Butterworth Attorney General
RAB/tjw
[1] See, s. 112.3187(3)(a), Fla. Stat., defining "Agency" as "any state, regional, county, local, or municipal government entity, whether executive, judicial, or legislative; any official, officer, department, division, bureau, commission, authority, or political subdivision therein; or any public school, community college, or state university."
[2] See, s. 112.3187(2), Fla. Stat.
[3] See, Op. Att'y Gen. Fla. 93-80 (1993) in which it was concluded that a complaint filed with the Office of the Public Counsel did not come within the scope of the Whistle-blower's Act so that the protections of the act would be extended to the complainant, nor would transferring a copy of the complaint to the Chief Inspector General transform the complaint into one made within the terms of the statute.
[4] Section 112.3187(6), Fla. Stat. See, s. 447.203(9), Fla. Stat., stating that "`[c]hief executive officer' for the state shall mean the Governor and for other public employers shall mean the person, whether elected or appointed, who is responsible to the legislative body of the public employer for the administration of the governmental affairs of the public employer."
[5] Section 112.3187(6), Fla. Stat. (1991).
[6] 645 So.2d 1047 (Fla. 3d DCA 1994).
[7] Chapter 92-316, Laws of Florida, amended the statute to "other appropriate official." Section 1, Ch. 93-57, Laws of Florida, added "local" to the phrase.
[8] Section 2, Ch. 95-399, Laws of Florida.
[9] 715 So.2d 1161, 1162 (Fla. 5th DCA 1998).