843 So.2d 956 (2003)
Elaine DAHL, Appellant/Cross-Appellee,
v.
ECKERD FAMILY YOUTH ALTERNATIVES, INC., a Florida Corporation d/b/a Eckerd Youth Development Center, Appellee/Cross-Appellant.
No. 2D02-1382.
District Court of Appeal of Florida, Second District.
April 16, 2003.
Karen Coolman Amlong and Jennifer Daley of Amlong & Amlong, P.A., Fort Lauderdale, for Appellant/Cross-Appellee.
*957 Steven G. Burton, David W. Adams, and Lisa Griffin Hodgdon of Broad & Cassel, Tampa, for Appellee/Cross-Appellant.
Frederick W. Ford, West Palm Beach, for Amicus Curiae National Employment Lawyers Association, Florida Chapter.
CASANUEVA, Judge.
Elaine Dahl, a psychologist who worked for Eckerd Youth Development Center (Eckerd), a private rehabilitative school for juvenile offenders, sued her employer in federal court, asserting violations of her First Amendment rights under 42 U.S.C. § 1983 and, pursuant to the federal district court's supplemental jurisdiction, violations of Florida's private-sector whistleblower act, sections 448.101-105, Florida Statutes (1999). Ultimately the federal district court dismissed her complaint but clarified that the dismissal of the whistleblower claim was without prejudice, so Ms. Dahl refiled her lawsuit in state court. Upon a motion by Eckerd the circuit court dismissed her amended complaint, finding that Dahl's exclusive remedy was Florida's public-sector whistleblower act, sections 112.3187-.31895, Florida Statutes (1999). Because any action under the public-sector act was barred by the statute of limitations, the circuit court dismissed Ms. Dahl's complaint with prejudice. Ms. Dahl now appeals from the dismissal of her complaint. Eckerd cross-appeals from that aspect of the circuit court's order that failed to consider Eckerd's defenses of sovereign immunity and statute of limitations. We hold that the circuit court erred as a matter of law in finding that Ms. Dahl could bring a complaint only under the public-sector act; accordingly, we reverse and remand for reinstatement of her complaint, and we affirm the cross-appeal.
According to the allegations of her amended complaint, Ms. Dahl worked as a clinical psychologist for Eckerd, a "level 8" juvenile treatment facility for minors adjudicated of committing felonies, including a substantial number who had committed sex offenses. The center is located in Okeechobee and is operated by Eckerd Family Youth Alternatives, Inc., pursuant to a contract with the Department of Juvenile Justice (originally the Department of Health and Rehabilitative Services). In her complaint Ms. Dahl alleged that, in the course of her employment, she witnessed or received reports from the children she treated of actions by her coworkers and supervisors that violated laws, rules, and regulations applicable to Eckerd. These included allegations that staff members were physically abusive to children, that they filed unfounded criminal charges against the juveniles as a means of discipline or punishment, that they failed to provide adequate treatment for the children, and that they allowed or encouraged the use of alcohol and illegal drugs by the youth at the facility.
Ms. Dahl refused to participate in these alleged wrongdoings and discussed her concerns with an investigator from the Florida Inspector General's office, an agency charged with investigating allegations of abuses and mismanagement by state agencies and independent contractors with state agencies. Ms. Dahl also complained to her supervisors and coworkers. Eckerd suspended Ms. Dahl and fired her one week later, on November 28, 1997, alleging violations of confidentiality rules. Ms. Dahl, however, maintained that those reasons were simply pretextual and that Eckerd was retaliating for her whistleblowing activities.
Ms. Dahl's federal court complaint was filed within the two-year limitations period for the private-sector whistleblower statute, § 448.103(1)(a), but it would have been untimely under the public-sector act's period of 180 days from the time the prohibited *958 action (i.e., termination) was taken, § 112.3187(8)(c). When the federal district court dismissed her complaint, the two-year statute of limitations period under the private-sector act did not lapse because 28 U.S.C. § 1367(d) operated to toll the matter for thirty days so that she could timely file in state court.
The public-sector act specifically prevents independent contractors as well as agencies from taking retaliatory action against employees who report violations of law on the part of the agency or independent contractors of the agency. See § 112.3187(2). The private-sector act, however, prevents employers from taking retaliatory action against an employee who threatens to disclose or who discloses to an appropriate governmental agency any practices of the employer that are in violation of a law, rule, or regulation. See § 448.102(1). "Employer," for the purposes of the private-sector act, "means any private individual, firm, partnership, institution, corporation, or association that employs ten or more persons." § 448.101(3).
On its face Ms. Dahl's complaint without question states a cause of action under the private-sector act. She was an employeeas that term is defined in section 448.101(2)of Eckerd Family Youth Alternatives, Inc., a private company that employed more than ten persons. She complained to her supervisors and to state agencies investigating activities at the center about alleged violations of applicable rules, regulations, and laws on the part of her coworkers. After she reported her concerns, she was fired.
The only reason for finding that Ms. Dahl's complaint does not state a cause of action under the private-sector act is that Eckerd was an independent contractor of a state agency and thus fell within the public-sector act. Nowhere, however, does the public-sector act provide that it is the exclusive remedy for employees of independent contractors of state agencies who are retaliated against for their whistleblowing activities. To the contrary, both of these statutes are remedial and should be broadly construed. The most important relationship they speak to is that between the employer and the employee; the fact that the employer might be an independent contractor of the state is incidental and does not exclude the employer's actions from the private-sector whistleblower act. Both acts are designed for the protection of employees who "report or refuse to assist employees who violated laws enacted to protect the public." Arrow Air, Inc. v. Walsh, 645 So.2d 422, 424 (Fla.1994). See also Golf Channel v. Jenkins, 752 So.2d 561, 562 (Fla. 2000). And, as Ms. Dahl points out, both the public- and private-sector acts contain sections specifically stating that their provisions do "not diminish the rights, privileges, or remedies of an employee [or employer, in the case of the private-sector act] under any other law or rule or under any collective bargaining agreement or employment contract." §§ 112.3187(11); 448.105.
Of some interest is a case from the Third District, Hutchison v. Prudential Insurance Co. of America, 645 So.2d 1047 (Fla. 3d DCA 1994), where the issue was whether a former insurance salesman for Prudential could file a public-sector whistleblower action against the insurance company after being fired for reporting alleged unfair trade practices to the Monroe County Sheriff's Department, which maintained a contract with the insurance company for payroll deduction of premiums. The Third District found that the insurance company was an independent contractor for purposes of the public-sector act, observing that "Prudential takes too narrow a view of the statute, which is a *959 remedial one. See Martin County v. Edenfield, 609 So.2d 27, 29 (Fla.1992). `[T]he statute should be construed liberally in favor of granting access to the remedy.' Id." Hutchison, 645 So.2d at 1049. Significantly, in conclusion, the court held as follows:
In the proceedings here, Prudential concedes that the facts set forth in the second amended complaint also suffice to state a good cause of action under the private sector whistle-blower's act, §§ 448.101-448.105, Fla. Stat. (1991). Since there must be further proceedings, we direct that on remand plaintiff be given an opportunity to amend to plead an alternative claim under sections 448.101-448.105.
Id. at 1050. Although the Hutchison case arises within a context different from Ms. Dahl's, the fact that at least one court has recognized that retaliation for whistleblowing activities may come within the ambit of both the public- and private-sector acts is persuasive, particularly given the total lack of language in either act suggesting that the converse is true.
In conclusion, we hold that the fact that Eckerd is "subject to" the public whistleblower act does not diminish Ms. Dahl's right to take advantage of another remedial statutethe private whistleblower act.
In its cross-appeal Eckerd claims that because it was an independent contractor operating a juvenile facility for the Department of Juvenile Justice, it was therefore protected from suit by sovereign immunity. In support of its assertion Eckerd cites section 768.28(11)(a), Florida Statutes (2001):
Providers or vendors, or any of their employees or agents, that have contractually agreed to act on behalf of the state as agents of the Department of Juvenile Justice to provide services to children in need of services, families in need of services, or juvenile offenders are, solely with respect to such services, agents of the state for purposes of this section while acting within the scope and pursuant to guidelines established in the contract or by rule.
This statute is part of section 768.28, which is titled "Waiver of sovereign immunity in tort actions." Provided certain conditions are met, this statute provides Eckerd, its employees, and its agents with immunity from personal liability in tort under section 768.28(9)(a). However, it has no application in this context, because Ms. Dahl is exercising a right of action under statute; she is not suing in tort. As stated previously in this opinion, the relationship of Ms. Dahl's employer to the Department of Juvenile Justice is not relevant in the context of her action under the private-sector whistleblower statute. Furthermore, if she had pursued an alternative remedy under the public-sector statute, there would be absolutely no question that sovereign immunity would not prevent maintenance of the suit.
Eckerd has also raised in its cross-appeal a theory that the Eleventh Amendment prohibited the federal court from applying the tolling provision of 28 U.S.C. § 1367(d) to Eckerd, which as an independent contractor of a state agency is allegedly vested with all of the defenses of the state. Even had this issue been preserved, which is not apparent from our record, we conclude that the Eleventh Amendment has no relevance to this matter. See Dorse v. Armstrong World Indus., Inc., 513 So.2d 1265, 1268 (Fla.1987) (holding that "an entity or business acting as an independent contractor of the government, and not as a true agent, logically cannot share in the full panorama of the government's immunity").
*960 In accordance with the foregoing, we reverse the circuit court's dismissal of Ms. Dahl's amended complaint and remand for its reinstatement.
NORTHCUTT, J., and THREADGILL, and EDWARD F., SENIOR JUDGE, Concur.