925 So.2d 1149 (2006)
Huntley WALKER, Appellant,
v.
FLORIDA DEPARTMENT OF VETERANS' AFFAIRS, a governmental entity, Appellee.
No. 4D05-2530.
District Court of Appeal of Florida, Fourth District.
April 26, 2006.
*1150 Roger Pickles of Law Office of Robert P. Kelly, Hollywood, for appellant.
Christopher J. Whitelock of Whitelock & Associates, P.A., Fort Lauderdale, for appellee.
GROSS, J.
Huntley Walker appeals an adverse final summary judgment on his complaint that his dismissal by his employer, the Florida Department of Veterans Affairs, violated the Whistle-blower's Act, sections 112.3187-112.31895, Florida Statutes (2004). Walker claimed that he was fired because he raised safety issues about the van he drove for the Department. We affirm because Walker failed to make a protected disclosure in the manner required by the statute.
To state a cause of action under the Whistle-blower's Act, three elements must be established: "1) prior to termination the employee made a disclosure protected by the statute; 2) the employee was discharged; and 3) the disclosure was not made in bad faith or for a wrongful purpose, and did not occur after an agency's personnel action against the employee." Dep't of Transp. v. Florida Comm'n on Human Relations, 842 So.2d 253, 255 (Fla. 1st DCA 2003). Under section 112.3187(7), as it applies to this case, a protected disclosure requires an employee's "written and signed complaint," or a "written complaint to [the employee's] supervisory official[ ]." The purpose of the statutory requirement of a signed writing "is to document what the employee disclosed, and to whom the employee disclosed it, thus avoiding problems of proof for purposes of the Whistle-blower's Act." Hutchison v. Prudential Ins. Co. of America, Inc., 645 So.2d 1047, 1050 (Fla. 3d DCA 1994) (holding that a "signed letter" authored by employee satisfies statutory requirement of a "written and signed complaint").
To satisfy the "written and signed complaint" requirement, appellant points to two repair invoices for the van, prepared by the repair shop and signed by Walker as a customer. One invoice shows a zero balance for a $3,800 repair and the other shows a balance of $750 for different repairs. The invoices do not qualify as a "written and signed complaint" within the meaning of section 112.3187(7). The invoices neither document the nature of Walker's protected disclosure, nor indicate the person to whom any disclosure was made. The Department had authorized the repairs prior to Walker signing the invoices; one invoice reflects that the bill for services had already been paid by the department. Even the liberal construction of the statute that Walker urges cannot stretch the statutory requirement of a "written and signed complaint" to cover the invoices here at issue.
Affirmed.
WARNER and HAZOURI, JJ., concur.