THOMAS, J.
Appellant appeals an order of the Florida Commission on Human Relations (Commission) in which it summarily found that Appellee (Appellant’s employer) was not a state agency, thus, the Commission lacked jurisdiction to investigate Appellant’s claim of improper retaliation under the Florida Whistle-Blower Act (Act).[1] Appellant contends the Commission erred because her employer was a covered independent contractor as defined by the Act. Because the Commission did not make any findings on this issue, we reverse and remand for a determination of whether the employer was in fact an independent contractor, as defined by the Act.
As Appellant correctly argues, the Act applies not only to state agencies, but also to independent contractors, as defined.[2] See 112.3187(2), Fla. Stat. (2002) (“It is the intent of the Legislature to prevent agencies or independent contractors from taking retaliatory action against an employee who reports to an appropriate agency violations of law on the part of a public employer or independent contractor that create a substantial and specific danger to the public’s health, safety, or welfare.”) (emphasis added). For purposes of the Act: “ ‘Independent contractor’ ” means a person, other than an agency, engaged in any business and who enters into a contract, including a provider agreement, with an agency.
Here, Appellant alleged her employer provided services in a juvenile detention facility pursuant to a contract with the state. If true, the employer may qualify as an independent contractor subject to the Act. See, e.g., Hutchison v. Prudential Ins. Co. of America, Inc., 645 So.2d 1047, 1049 (Fla. 3d DCA 1994) (holding “[wjhere ... an insurer enters into a payroll deduction agreement with a governmental agency, and then sells insurance policies to individual employees as policies which can be paid for through payroll deduction, the insurer is an independent contractor for purposes of the Whistle-blower’s Act.”).
As noted, the Commission’s order did not address whether Appellant’s employer was an independent contractor for purpose of the Act in determining whether it had jurisdiction to investigate her allegations of wrongful retaliation in violation of the Act. Consequently, we REVERSE the order and REMAND with instructions to the Commission to make this determination.
REVERSED and REMANDED with instructions.
BENTON, C.J., and ROWE, J., concur.

. The Act is codified at section 112.3187-31895, Florida Statutes (2002).

. The Commission did not file an answer brief in this appeal.