DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**RICHARD WHEELER,**
Appellant/Cross-Appellee,

v.

**CITY OF FORT LAUDERDALE,**
Appellee/Cross-Appellant.

No. 4D20-2676

[July 12, 2023]

Appeal and cross-appeal from the Circuit Court for the Seventeenth Judicial Circuit, Broward County; Jeffrey R. Levenson, Judge; L.T. Case No. CACE-10-039694.

William R. Amlong, Karen Coolman Amlong, and Jennifer Daley of The Amlong Firm, Fort Lauderdale, for appellant/cross-appellee.

Debra P. Klauber, Misti Z. Barnett, and Kenneth J. Miller of Haliczer, Pettis & Schwamm, P.A., Fort Lauderdale, for appellee/cross-appellant.

DAMOORGIAN, J.

This appeal concerns a Whistle-blower's Act ("the Act") claim initiated by Richard Wheeler ("Wheeler") against the City of Fort Lauderdale ("the City"). A jury found Wheeler engaged in a protected activity and suffered an adverse employment action as a result. The trial court thereafter entered final judgment in Wheeler's favor consistent with the jury's verdict.

Wheeler appeals the final judgment and the denial of several post-trial motions in which he sought additional damages. The City cross-appeals, arguing the trial court erred in denying its motion for directed verdict and associated post-trial motion based on Wheeler's failure to comply with the Act's requirements. For the reasons discussed below, we reverse the final judgment and remand for entry of judgment in the City's favor. Accordingly, all issues raised by Wheeler on direct appeal are moot.

The City employed Wheeler as an IT systems administrator in the Public Works Department. The position provided Wheeler unrestricted access to the City's computer server infrastructure—including employees' private

storage drives. Wheeler also had the authority to request and obtain phone records of Public Works employees.

After a colleague informed Wheeler that she suspected her supervisor was working a second job on the City's time, Wheeler took it upon himself to investigate. Wheeler obtained the supervisor's phone records and created spreadsheets listing suspicious incoming and outgoing calls from her extension. Wheeler also accessed the supervisor's private computer files and found documents unrelated to her employment with the City. He took screenshots of the files, downloaded the data to an external drive, and kept the drive in his possession. Wheeler did not notify his superiors of his suspicions prior to his investigation.

Thereafter, Wheeler contacted the Assistant Director of the Public Works Department ("AD") via e-mail requesting to meet with her. Wheeler did not indicate the reason for the meeting and informed the AD he had not spoken to his direct supervisor. At the meeting, Wheeler verbally explained his suspicions. He presented the AD with screenshots of the supervisor's computer drive which included files seemingly related to a school—although the screenshots did not indicate the significance of the files nor allege the storage of the files on the supervisor's computer violated any policy, law, or procedure.

Wheeler also provided call log spreadsheets indicating the date, time, duration, phone number, and other basic information about phone calls from the supervisor's extension. However, like the screenshots, the spreadsheets did not indicate the significance of the phone calls, allege any violation of policy, law, or procedure, nor reflect to whom the phone calls were made. Importantly, neither the screenshots nor spreadsheets included a written and signed explanation of why these documents indicated any wrongdoing.

After the meeting, the AD informed Wheeler he was under investigation for a violation of the City's computer usage policy. In due course, the City terminated Wheeler. The City also determined the supervisor's computer usage did not violate any of its policies.

Following termination, Wheeler brought a claim against the City under the Act. The case proceeded to trial. At the close of Wheeler's case, the City moved for a directed verdict, arguing Wheeler failed to submit a valid "written and signed complaint" as the Act requires. The trial court denied the City's motion after which the City presented its case. At the close of all the evidence, the City renewed its directed verdict motion. The trial court denied the motion a second time. The jury rendered its verdict

2

finding Wheeler proved a violation under the Act and awarded him damages for lost wages and benefits.

After the verdict was rendered, the City moved to set aside the verdict for the same reasons advanced in the motions for directed verdict. The City also moved for a new trial on the same grounds. The trial court denied the City's motions. This appeal and cross-appeal follow.

We review a trial court's denial of a motion for directed verdict *de novo*. *Meruelo v. Mark Andrew of Palm Beaches, Ltd.*, 12 So. 3d 247, 250 (Fla. 4th DCA 2009).

On cross-appeal, the City argues the trial court erred in denying its motions for directed verdict and related post-trial motion because Wheeler failed to comply with the Act's requirements. We agree.[1]

Florida's Whistle-blower's Act governs relief for adverse employment actions against employees following the disclosure of protected information. *See* § 112.3187, Fla. Stat. (2009). Significantly, section 112.3187(7) "protects employees and persons who disclose information on their own initiative *in a written and signed complaint*." § 112.3187(7), Fla. Stat. (2009) (emphasis added). "The purpose of the statutory requirement of a signed writing 'is to document what the employee disclosed, and to whom the employee disclosed it, thus avoiding problems of proof for purposes of the Whistle-blower's Act.'" *Walker v. Fla. Dep't of Veterans' Affs.*, 925 So. 2d 1149, 1150 (Fla. 4th DCA 2006) (quoting *Hutchison v. Prudential Ins. Co. of Am., Inc.*, 645 So. 2d 1047, 1050 (Fla. 3d DCA 1994)). Accordingly, in order to qualify as a "written and signed complaint" under the Act, the document must identify alleged wrongdoing. *See* § 112.3187(5)(a)-(b), Fla. Stat. (2009) (providing that "[t]he information disclosed under this section must include" either a "violation or suspected violation of any federal, state, or local law, rule, or regulation committed by an employee or agent of an agency or independent contractor which creates and presents a substantial and specific danger to the public's health, safety, or welfare" or an "act or suspected act of gross mismanagement, malfeasance, misfeasance, gross waste of public funds, suspected or actual Medicaid fraud or abuse, or gross neglect of duty committed by an employee or agent of an agency or independent contractor"); *see also Walker*, 925 So. 2d at 1150; *Henley v. City of N. Mia.*, 329 So. 3d 791, 793 (Fla. 3d DCA 2021); *Pickford v. Taylor Cnty. Sch. Dist.*, 298 So. 3d 707, 711 (Fla. 1st DCA 2020).

---

[1] We reject, without further comment, Wheeler's argument that the City failed to preserve this issue.

We conclude that Wheeler failed to comply with the Act's "written and signed complaint" requirement because the screenshots and spreadsheets submitted by Wheeler failed to identify any violation of law, rule, or policy, nor identify any act of misfeasance, malfeasance, or other gross conduct that would trigger the Act's protections. In short, merely providing documents potentially supporting a protected disclosure without any written explanation bearing the signature of the complainant fails to qualify as a "written and signed complaint" within the meaning of section 112.3187(7), Florida Statutes. Accordingly, the documents do not qualify as a protected disclosure under the Act. *See Walker*, 925 So. 2d at 1150 (holding two repair invoices submitted to a superior did "not qualify as a 'written and signed complaint' within the meaning of section 112.3187(7)" because the invoices, standing alone, did not "document the nature of [appellant's] protected disclosure"); *Henley*, 329 So. 3d at 793 (holding an employee's alleged e-mails and a text message relating to deficits in the proposed budget did "not identify any violation of law or any act of suspected gross mismanagement, misfeasance" and therefore did not constitute protected activity under the Act); *Pickford*, 298 So. 3d at 711 (holding a former substitute teacher's letter to the school's principal disputing his pay rate did "not rise to the level of a statutorily protected disclosure under the Act" because it "fail[ed] to identify any violation of law, rule, or policy" nor did "it identify any act of misfeasance, malfeasance, or other gross conduct that would trigger the Act's protections"); *see also Castro v. Sch. Bd. of Manatee Cnty., Fla.*, 903 F. Supp. 2d 1290, 1303 (M.D. Fla. 2012) (holding e-mails sent by an employee complaining about the school board's implementation of certain state educational policies did not constitute protected activity under the Act because the e-mails did not involve complaints about the school board's violations of the law).

While we recognize the Legislature's intent that "the statute should be construed liberally in favor of granting access to the remedy," *Martin Cnty. v. Edenfield*, 609 So. 2d 27, 29 (Fla. 1992), "it is a well-recognized rule of statutory construction that exceptions or provisos should be narrowly and strictly construed." *Samara Dev. Corp. v. Marlow*, 556 So. 2d 1097, 1100 (Fla. 1990); *see also Walker*, 925 So. 2d at 1150 ("Even the liberal construction of the statute that [appellant] urges cannot stretch the statutory requirement of a 'written and signed complaint' to cover the invoices here at issue.").

Accordingly, we reverse the final judgment awarding Wheeler damages and remand to the trial court for entry of judgment in favor of the City.

*Reversed and remanded.*

LEVINE and KUNTZ, JJ., concur.

\* \* \*

***Not final until disposition of timely filed motion for rehearing.***